UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RYAN KASTRUL,**

    Plaintiff,

    -vs-                                          Case No. 15-C-827

**ENTERPRISE RENT-A-CAR COMPANY
OF WISCONSIN, LLC,**

    Defendant.

## DECISION AND ORDER

Enterprise Rent-a-Car removed this action from Milwaukee County Circuit Court. The plaintiff, Ryan Kastrul, moves to remand. This motion is denied.

First, Kastrul argues that the removal was untimely. This is incorrect because the notice was filed within "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Kastrul's response to Enterprise's discovery requests, discussed below, is an "other paper." § 1446(c)(3)(A) ("information relating to the amount in controversy in the record of the State proceeding, or *in response to discovery*, shall be treated as an 'other paper' under subsection

(b)(3)") (emphasis added).

Second, Kastrul argues that the amount in controversy does not exceed $75,000. Enterprise served Kastrul with a request to admit that the "total compensatory damages that you allege you are entitled to in the Complaint does not exceed $75,000." Kastrul responded: "I can neither admit nor deny the total amount of damages I have suffered as a result of the defendant's invasion of my privacy, and on that basis, I deny …" Thus, by refusing to admit that his damages do not exceed $75,000, Kastrul has essentially admitted that they do exceed $75,000. Moreover, Kastrul's evasive answers demonstrate that he is trying to keep his case in state court while reserving his right to seek damages in excess of the jurisdictional amount. *See* Answer to Interrogatory No. 27, asking Kastrul to provide an itemized list of total compensatory damages: "I am unable to itemize my compensatory damages … I cannot otherwise itemize or put a dollar amount on these damages." Kastrul can't have it both ways. The Seventh Circuit has explicitly rejected this type of jurisdictional game-playing. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (plaintiff "cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Kastrul's motion to remand [ECF No. 3] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **December 15, 2015** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

4. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ.

P. 16(b)(4);

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

7. The written report must include the telephone numbers where the parties can be reached for this call;

8. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information</u>. Counsel should be fully prepared to discuss methods and techniques to accomplish

cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 21st day of October, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**